# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DISTRICT

Northgate Lincoln-Mercury, Inc., :
:
    Plaintiff, :
:
                                                           :     Case No. 1:19cv769
v. :
:     Judge: Susan J. Dlott
Ford Motor Company, :
:     Magistrate Judge: Karen L. Litkovitz
    Defendant. :

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Ford Motor Company and Plaintiff Northgate Lincoln-Mercury, Inc., with each of the aforementioned referred to singularly as a "Party," and referred to collectively as the "Parties," stipulate and agree to the terms and conditions of this Stipulated Protective Order. To preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been or will be requested and produced in discovery in this matter, it is therefore ORDERED THAT:

1. The Parties shall have the right to designate as "CONFIDENTIAL" any documents, things and information produced in this action which the producing Party believes contains trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential business information, subject to the limitations stated herein.

2. All documents, things and information designated as confidential pursuant to paragraph 1 of this Protective Order (hereinafter "Confidential Documents") shall, subject to the provisions hereof, be used by the Parties receiving it only in connection with this action and appeal of this action. Material designated in this fashion shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

3. All Confidential Documents produced pursuant to the Protective Order shall be so designated by stamping the document with the words "CONFIDENTIAL" or similar language at the time of its production. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event that a Party receiving documents designated as being produced pursuant to the Protective Order disagrees with such a designation as to one or more documents, that Party shall have a right to seek a decision or order from the Court, pursuant to a noticed motion, voiding the designation in whole or in part. The Designating Party shall have the burden of proving that the designation of the document(s) at issue was appropriate. However, until such a time as the Court rules that a particular document or set of documents designated as being subject to this Protective Order are not subject to protection, the Parties will continue to treat any such designated documents as Confidential Documents.

4. Confidential Documents provided in the course of this litigation and any information contained therein shall be used solely for the purposes of prosecuting or defending the above-captioned action, preparing for, filing and responding to motions, preparing for the trial of this action, preparing for and participating in any appeal, and for no other purposes

whatsoever. Confidential Documents shall not be disclosed to any person or entity except in accordance with the terms of this Protective Order.

5. Except as otherwise provided in this Protective Order, a Party receiving Confidential Documents shall not disclose to anyone other than the Party, counsel for the Party, paralegals and office or other support staff assisting counsel in the litigation of this case, deponents, stenographic personnel, and the Court and court personnel. Under no circumstances, except those enumerated in this paragraph and the following paragraph, shall Confidential Documents be disclosed to any other person or entity. Prior to such disclosure, the Party shall inform such persons that the matter is confidential and may not be disclosed, except as provided in this Protective Order.

In addition to those persons described in the preceding paragraph, a Party may disclose Confidential Documents to (i) experts and consultants retained by that Party in good faith to assist in the prosecution or defense of this action (and necessary employees of those experts and consultants), (ii) witnesses or prospective witnesses to whom counsel in good faith believes it necessary to disclose such Confidential Documents in order to prosecute or defend this action and (iii) copying services to which Confidential Documents are sent for reproduction in bulk; provided that, prior to such disclosure, counsel for the Party disclosing Confidential Documents shall advise such person or persons that such information, documents or things shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than those aforementioned. Furthermore, prior to disclosure of any Confidential Document to any person set forth in (i) and (ii) above, that person shall first read this Protective Order, and sign a copy of the Acknowledgment attached hereto, thereby becoming subject to this Protective Order.

6. Confidential Documents shall remain in the custody of counsel and experts and shall not be provided to other persons except as necessary to prepare for hearing, trial or any appeal of this action pursuant to paragraph 4 above.

7. In the event that counsel for either Party determines that the prosecution of this action requires that Confidential Documents be disclosed to persons not otherwise authorized herein, such counsel shall provide the other Party written notice of the intended disclosure (which notice shall specify with particularity the Confidential Documents to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the Parties in any particular case. If, within ten (10) business days after receipt of such notice, a Party objects in writing to such disclosure, the Confidential Documents shall not be disclosed unless the Court so orders.

8. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without the prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. See *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (1996). A Party intending to file any document(s) containing any information designated as "Confidential" by the other Party or any nonparty must provide five days' notice to the Designating Party, who shall then determine whether to seek leave of Court to have the Confidential Document(s) filed under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

9. In the event that any Confidential Documents or any information contained therein or derived therefrom are used in depositions, the documents and information shall not lose their confidential status through such use, and the Parties shall take all steps necessary to

4

protect the confidentiality of the documents and information during and after such use. Depositions may be designated confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY]" within ten (10) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing Party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as confidential, if so designated at the deposition. Counsel for any Party shall have the right to utilize Confidential Document(s) or information/data contained therein at a deposition of any expert testifying on behalf of a Party in the manner set forth in this paragraph.

10. In the event that either Party receives a third-party subpoena or other form of legal process requesting documents produced in this case which are designated as Confidential Documents, the Party receiving such request will provide the other Party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The Party receiving the third-party subpoena or other form of legal process shall not produce the requested documents for at least ten (10) business days after giving written notice by facsimile or hand delivery of the request to the other Party, unless the other

Party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those Confidential Documents.

11. At the conclusion of this action, all Confidential Documents, including all copies, shall be returned to the producing Party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action. The producing Party may opt to have the other Party destroy the documents at its own cost.

12. Any summary, compilation, notes, copy, electronic image or database containing confidential information shall be subject to the terms of the Protective Order to the same extent as the material or information from which summary, compilation, notes, copy, electronic image or database is made or derived.

13. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Party of any information which is disseminated to or received by that Party where the dissemination or receipt of such information by that Party was the result of obtaining that information from a public source or from a source other than the Designating Party.

The Parties to this action, through their undersigned counsel, do hereby agree to the terms of this Stipulated Confidentiality Order.

**IT IS SO ORDERED**.

DATED: October 21, 2019

_____
JUDGE

CONSENTED TO:

/s/ Curtis L. Cornett
Curtis L. Cornett
Alison M. Huenefeld
Cors & Bassett, LLC
201 E. Fifth Street, Suite 900
Cincinnati, Ohio 45202
(513) 852-8226
CLC@corsbassett.com

*Attorneys for Plaintiff*

/s/ Elizabeth McNellie
Elizabeth McNellie
Baker & Hostetler LLP
200 Civic Center Drive – Suite 1200
Columbus OH 43215
(614) 462-2651
emcnellie@bakerlaw.com

*Attorneys for Defendant*